STATE OF CONNECTICUT *v.* DESHAWN D.*
(AC 33504)

Robinson, Sheldon and Bishop, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued January 31—officially released June 26, 2012

*Joshua Michtom,* for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Brian Casinghino*, senior assistant state's attorney, and, on the brief, *Gail P. Hardy*, state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Deshawn D., appeals from the judgment of the trial court committing him to the custody of the department of children and families (department) for a period of fourteen months and denying his motion, filed at the time of disposition, for a reduction in the term of his delinquency commitment based on credit for the predisposition time he had been held in detention. On appeal, he claims that (1) the court improperly denied his motion for a reduction in the term of his delinquency commitment and (2) the court's failure to give credit for predisposition detention on juvenile commitments violates procedural due process. We disagree and, accordingly, affirm the judgment of the trial court.

The following factual and procedural history is relevant to our consideration of the issues on appeal. On April 18, 2011, the juvenile defendant was charged with a violation of probation under General Statutes § 46b-120. The defendant had been placed on probation on March 8, 2011, for a period of six months. As part of the probation orders, the defendant had been ordered to reside at home with his grandfather, who was his guardian at the time. Nevertheless, the defendant had left home for at least four days in April, 2011. As a result, on April 21, 2011, the defendant was taken into custody pursuant to an order issued by the Superior Court for Juvenile Matters in Hartford. He was thereafter held at various juvenile detention centers for a total of twenty-three days pending the disposition of his case. On May 13, 2011, the defendant admitted that he violated his probation. At the disposition hearing, the

state recommended that the defendant be committed to the department and placed at the Connecticut Juvenile Training School for fifteen months. Although the defendant agreed with the state's recommendation that he be committed, he sought a commitment period of nine months. He filed a motion through which he sought credit against the length of his commitment for twenty-three days of predisposition detention. The court committed the defendant to the custody of the department for placement at the Connecticut Juvenile Training School for a period of fourteen months with no credit given for his predisposition detention. This appeal followed.

I

The defendant first claims that he has the right to credit for the period of predisposition detention based on the plain language of General Statutes § 18-98d,[1] which, he argues, applies to delinquency proceedings. He argues, as well, that General Statutes § 46b-141d does not forbid the application of credit on sentences of juvenile commitment for predisposition detention and that the application of § 18-98d to juvenile delinquency proceedings is consistent with the overall goals of the juvenile justice system. We are not persuaded.

[1] General Statutes § 18-98d provides in relevant part: "(a) . . . (2) (A) Any person convicted of any offense and sentenced on or after October 1, 2001, to a term of imprisonment who was confined to a police station or courthouse lockup in connection with such offense because such person was unable to obtain bail or was denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence in accordance with subdivision (1) of this subsection equal to the number of days which such person spent in such lockup, provided such person at the time of sentencing requests credit for such presentence confinement. Upon such request, the court shall indicate on the judgment mittimus the number of days such person spent in such presentence confinement. . . .

"(c) The Commissioner of Correction shall be responsible for ensuring that each person to whom the provisions of this section apply receives the correct reduction in such person's sentence; provided in no event shall credit be allowed under subsection (a) of this section in excess of the sentence actually imposed."

On appeal, the defendant's linguistic argument is subject to plenary review. *Grady* v. *Somers*, 294 Conn. 324, 332, 984 A.2d 684 (2009). "The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Sokaitis* v. *Bakaysa*, 293 Conn. 17, 22–23, 975 A.2d 51 (2009).

Contrary to the defendant's statutory construction argument, § 18-98d, entitled "Credit for presentence confinement," pertains only to those individuals who are committed to the control and custody of the commissioner of correction and not to those who have been subject to commitment under a different authority. See *Johnson* v. *Manson*, 196 Conn. 309, 312, 321 n.12, 493 A.2d 846 (1985) (presentence credit is available only to pretrial detainees incarcerated in facility administered by commissioner of correction or who otherwise are subject to control of commissioner of correction), cert.

denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986); see also *Hammond* v. *Commissioner of Correction*, 259 Conn. 855, 866–67, 872, 792 A.2d 774 (2002). Because the defendant was committed to the custody of the department of children and families and not to the department of correction, § 18-98d is facially inapplicable to his detention circumstances.

In sum, the statutory provisions for the disposition of juvenile offenders and adult convicts are substantially dissimilar. Commitments of juvenile offenders to the department are made pursuant to General Statutes § 46b-140 (f), which authorizes the placement of juveniles into the custody of the commissioner of children and families, and not into the custody of the commissioner of correction, while § 18-98d contemplates the commitment of convicted adults to the department of correction.[2]

The defendant also argues that the provisions of § 46b-141d support, by analogy, his entitlement to credit for his predisposition detention. We are not persuaded. Section 46b-141d,[3] by its explicit terms, deals with credit for predisposition detention for a juvenile offender who is sentenced to a period of probation and provides, generally, for a credit toward the period of probation imposed at disposition for any days the juvenile

---

[2] The defendant's interpretation also overlooks the fact that the plain language of subsection (c) of § 18-98d gives the commissioner of correction the responsibility for ensuring that "each person to whom the provisions of this section apply receives the correct reduction in such person's sentence . . . ." The commissioner of correction cannot be responsible for providing a juvenile such as the defendant with such credit for the simple reason that juveniles are not committed to his custody.

[3] General Statutes § 46b-141d provides: "Any child who is arrested and held in a detention center, an alternative detention center or a police station or courthouse lockup prior to the disposition of a juvenile matter shall, if subsequently convicted as delinquent by the Superior Court and sentenced to a period of probation, earn a reduction of such child's period of probation, including any extensions thereof, equal to the number of days that such child spent in such detention center or lockup."

offender served in detention prior to disposition. Importantly, § 46b-141d does not address, by its language, the situation presented in the case at hand in which the juvenile offender is committed to a period of confinement rather than probation. It is clear, however, from the provision of § 46b-141d regarding detention credits against probation that, if the General Assembly had desired to provide similar treatment to juvenile offenders committed to a period of confinement, not probation, the General Assembly could have done so.[4]

Accordingly, neither the plain language of § 18-98d nor that of § 46b-141d provides credit for predisposition detention when a juvenile offender is ordered committed to a period of confinement.[5] Therefore, the court properly denied the defendant's motion for a reduction in the term of his delinquency commitment.

II

The defendant's final claim is that, by denying him credit for predisposition detention, the court has deprived him of his due process rights under the fourteenth amendment to the United States constitution.

---

[4] Our research into the legislative history of § 46b-141d did not surface any discussion regarding juveniles who, at disposition, are committed to a period of confinement. If any consideration was given to treating juveniles committed to confinement in a manner similar to juveniles placed on probation, it is not apparent from the legislative history.

[5] Because we conclude that the statutory language of §§ 18-98d and 46b-141d unambiguously does not pertain to a juvenile offender committed to the department, we do not reach the defendant's claim, based on the rule of lenity, that an ambiguous criminal statute should be construed against the state. "[A] necessary predicate to the application of the rule of lenity is a conclusion that the statute is ambiguous, meaning that it yields more than one reasonable interpretation . . . ." *In re William D.*, 284 Conn. 305, 320, 933 A.2d 1147 (2007). Here, the defendant has failed to demonstrate any statutory ambiguity. See *State v. Lutters*, 270 Conn. 198, 219, 853 A.2d 434 (2004) ("courts do not apply the rule of lenity unless a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute" [internal quotation marks omitted]).

More specifically, he argues that such a denial unconstitutionally discourages the exercise of constitutional trial rights, thereby rendering guilty pleas in such circumstances inherently involuntary and infringing on the right to due process. We disagree.

Our courts have clearly established that "presentence [confinement] credit is a creature of statute and that, as a general rule, such credit is not constitutionally required. . . . Because such credit is not constitutionally mandated, it is not one of those few rights deemed so fundamental that the state cannot impinge upon it in the absence of a compelling reason. . . . Credit for presentence incarceration does not fall within this exalted group of rights that are recognized as fundamental." (Citations omitted.) *Hammond* v. *Commissioner of Correction*, supra, 259 Conn. 879–81. Thus, the defendant's due process claim lacks constitutional footing. Moreover, because there is no statute by which a juvenile offender committed to the department for a period of confinement has any entitlement to predisposition detention credit, it cannot reasonably be said that the absence of such a benefit is a detriment to a knowing and intelligent waiver of one's right to a contested adjudicatory hearing.

Furthermore, the defendant made no claim in the Superior Court that his admission was conditioned on his successful pursuit of predisposition detention credit or that his admission was, in any regard, involuntary or coerced. To the contrary, the record discloses that the defendant's decision to admit his violation of probation was made with the aid of counsel, who was active throughout the proceedings. Accordingly, the record discloses no basis for the defendant's due process claim.

The judgment is affirmed.

In this opinion the other judges concurred.